UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VERRASO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>QUIANA BROWN,<br><br>　　　　Defendant. | Case No. 2:24-cv-01885-CDS-EJY<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Quiana Brown's application to proceed *in forma pauperis* ("IFP") and Complaint for a Civil Case.[1] ECF Nos. 1, 1-1. Brown's IFP application is complete; however, she fails to allege claims that fall or with amendment could fall within the Court's jurisdiction and, for this reason, the Court recommends this matter be dismissed without prejudice so that Brown may, if she so chooses, proceed in state court.

**I.   Discussion**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d

---

[1] Brown lists herself as the Defendant, but is more properly treated as the Plaintiff in this dispute. The Court proceeds accordingly.

989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, Brown, a Nevada resident, alleges claims against a Nevada entity arising from an eviction proceeding in Nevada. ECF No. 1-1. Brown does not allege any claims arising under federal statutes or the constitution and, therefore, does not invoke the Court's federal question jurisdiction. In addition, the parties are citizens of the same state, and Brown seeks relief only in the form of postponement of an eviction. *Id. See also* ECF No. 1-3. As the party seeking to invoke the court's jurisdiction, Brown bears the burden of establishing jurisdiction exists, which she has not and cannot do based on the allegations in the Complaint. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

**II.     Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the Complaint (ECF No. 1-1) be dismissed without prejudice, but without leave to amend in federal court as the claims raised are solely between parties who are citizens of the same state based on alleged violations of state or local law.

IT IS FURTHER RECOMMENDED that because Quiana Brown cannot state a claim based on an alleged eviction the application to proceed *in forma pauperis* (ECF No. 1) be DENIED.

Dated this 11th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

1  held that (1) failure to file objections within the specified time and (2) failure to properly address
2  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
3  factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
4  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).